103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard James HARRIS, Defendant-Appellant.
Howard James HARRIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 95-10239, 95-15255.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided Nov. 6, 1996.
 
 1
 Before: O'SCANNLAIN, LEAVY, Circuit Judges, and HUFF*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Howard James Harris moves to set aside a guilty plea entered in a 1988 narcotics distribution case. Appellant seeks to set aside his plea although he has already received a sentence from the lower court. Appellant is currently serving a 292-month sentence pursuant to a plea bargain implicating him in two of the several drug counts handed down against appellant in his indictment and superseding indictment. On January 20, 1995, the lower court issued an order denying defendant's motion to withdraw his plea agreement. Defendant appeals the denial of his motion. This court has jurisdiction under 28 U.S.C. section 1291. We affirm.
 
 
 4
 I. POST-SENTENCING WITHDRAWAL OF GUILTY PLEA
 
 
 5
 A district court's decision whether or not to grant a motion for withdrawal of a guilty plea is subject to review under an abuse of discretion standard. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995); United States v. Oliveros-Orosco, 942 F.2d 644, 645-46 (9th Cir.1991). Abuse of discretion may be defined as "a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir.1993) (quoting Washington Capitols Basketball Club, Inc., 419 F.2d 472, 476 (9th Cir.1969)).
 
 
 6
 We find no abuse of discretion in the district court decision to deny appellant's motion to withdraw his guilty plea once Harris received a sentence that was not to his satisfaction. Harris was facing an underlying indictment and a superseding indictment when he and his counsel negotiated with the government for the entry of a guilty plea in exchange for the dismissal of certain counts in the two indictments. Fed.R.Crim.P. 11(e)(1)(A).
 
 
 7
 Appellant raises the meritless contention that he would have proceeded to trial had he realized that the sentencing judge could legally aggregate the narcotics from the dismissed counts in calculating appellant's sentence. Notably, the terms of Harris's plea agreement specified that the sentencing judge was not a party to the agreement and that the judge was free to impose the maximum penalties under law. Memorandum of Plea Agreement p 12. At no point does appellant argue that he was forced to execute the plea agreement with the government. Harris's claim is contradicted by the provisions of his plea agreement. Memorandum of Plea Agreement pp 2, 3, 9, 11, 12. Likewise, at no point does appellant argue that the district court failed to comply with Fed.R.Crim.P. 11(d) by determining in open court that Harris freely entered into the negotiations resulting in his guilty plea.
 
 
 8
 The law of this circuit and of several other circuits supports the use of dismissed counts to determine the offense level in cases such as appellant's. See e.g., United States v. Turner, 898 F.2d 705, 711 (9th Cir.), cert. denied, 495 U.S. 962 (1990) (affirming the actions of the district court in aggregating total amount of drugs involved in the transactions listed on defendant's indictment to determine defendant's relevant conduct, and, accordingly, defendant's total sentence); United States v. Wright, 873 F.2d 437, 440-41 (1st Cir.1989) (declaring that the fact that the guidelines largely base sentences on the amount of drugs possessed does not make a plea bargain under Fed.R.Crim.P. 11(e)(1)(A) "futile"); United States v. Rodriguez-Nuez, 919 F.2d 461, 464 (7th Cir.1990) (rejecting the argument that it was "fundamentally unfair" to increase a sentence based on quantities of drugs contained in counts dismissed by plea bargain); United States v. Restrepo, 903 F.2d 648, 653 (9th Cir.1990), cert. denied, 503 U.S. 961 (1992) (holding that, on the basis of conduct, the guidelines allow the grouping of drug amounts); United States v. Scroggins, 880 F.2d 1204, 1213-14 (11th Cir.1989), cert. denied, 494 U.S. 1083 (1990) (refuting the claim that the application of § 1B1.3(a)(2) to a dismissed count was "inequitable," as the plea bargain did not preclude the district court from considering the entirety of the evidence).
 
 
 9
 Appellant has no right under the law, except in cases of manifest injustice, to withdraw a guilty plea entered after his sentence. Absent manifest injustice, a guilty plea may not be withdrawn after sentencing. United States v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991). Appellant has shown no such injustice. Nearly seven months after the trial court accepted appellant's guilty plea, defendant appeared for his first sentencing. Fed.R.Crim.P. 11(d). While the trial court declared that it would sentence Harris "on the facts contained in the plea agreement," the plea agreement signed by the parties stated that the sentencing judge was not bound by the agreement and could opt to impose the maximum penalties, should the court see fit. Memorandum of Plea Agreement p 12. The plea agreement also informed Harris that the government, as a party to the agreement, might disagree as to facts in the case. Id. p 7. The agreement put Harris on notice that the government was entitled to fully apprise the court of the nature, scope and extent of the defendant's conduct regarding the charge against him. Id. p 13. When the trial court sentenced appellant on the facts in the plea agreement, the trial court imposed sentence in accordance with a highly-contested set of facts.
 
 
 10
 We conclude that the trial court at sentencing neither induced the guilty plea entered approximately seven months before, nor committed itself to ignore the dismissed narcotics counts. Appellant's plea bargain did not limit the presentation of facts or the court's acceptance of the full facts. To the contrary, the agreement contained a clause explaining that the Attorney General's office would fully apprise the court "of the nature, scope and extent of the defendant's conduct regarding the charge against him." Id. p 13. Harris fails to show "manifest injustice" resulting from the inclusion of relevant conduct in the total drug calculation. Ramos, 923 F.2d at 1358.
 
 
 11
 Since the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea, we need not determine whether appellant's failure to raise the issue in two previous appeals waives his right to raise it on this appeal.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3